**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ACUITY**, A Mutual Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 10599 |
| ) | |
| **CONTEMPORARY ENERGY SOLUTIONS,** ) | |
| **LLC**, and **SUSTAINABLE LIGHTING** ) | |
| **SOLUTIONS, INC.**, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On November 24, 2015 Acuity, a mutual insurance company, filed a declaratory

judgment action against Contemporary Energy Solutions, LLC ("Contemporary") and

Sustainable Lighting Solutions, Inc. ("Sustainable"), and Acuity's counsel has just delivered a

courtesy copy of Acuity's Complaint and its bulky Exs. A and B to this Court's chambers.  As

always, this Court has promptly reviewed the Complaint in compliance with our Court of

Appeals' long-standing directive as succinctly set out almost three decades ago in Wis. Knife

Works v. Nat'l. Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see
> that federal jurisdiction is properly alleged.

Regrettably the Complaint in its present form fails that test.

Complaint ¶ 4 seeks to ground federal subject matter jurisdiction in diversity-of-

citizenship terms pursuant to 28 U.S.C. § 1332(a)(1).[1]  To that end Complaint ¶ 1 as to Acuity

---
[1]  Other citations to subsections of the same section will simply take the form
"Section --," omitting the prefatory "28 U.S.C. §."

and Complaint ¶ 2 as to Sustainable properly identify the dual citizenship of those corporations as called for by Section 1332(c)(1).  But as to Contemporary, Complaint ¶ 3 simply echoes the same twofold facts as though it were also a conventional corporation rather than a limited liability company:

> CONTEMPORARY ENERGY SOLUTIONS, LLC is an Illinois limited liability corporation which maintains its principal office at 2951 Beth Lane, Naperville, Will County, Illinois.

That gaffe is hard to understand.  More than 1-1/2 decades have passed since our Court of Appeals first announced in Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) that "we conclude that the citizenship of an LLC for purposes of  the diversity jurisdiction is the citizenship of its members."  And because all too many lawyers continue to commit the same error that Acuity's counsel have made here, a number of our Court of Appeals' subsequent opinions (and opinions emanating from this Court and other District Judges adhering to that principle) have been compelled to repeat the same lesson.

Because Acuity's counsel has thus failed to comply with the task of establishing the existence of federal subject matter jurisdiction, both the Complaint and this action are dismissed sua sponte (see Wernsing v. Thompson , 423 F.3d 732, 743 (7th Cir. 2005)).  But this Court recognizes that it may well turn out that an identification of Contemporary's members and their states of citizenship will reflect their total diversity from Wisconsin citizenship, and in that event this Court sees no good purpose that would be served by counsel's having to redo and refile the entire present Complaint and the 100-plus pages of its Exs. A and B.

Accordingly, if total diversity is actually shown, this Court would be prepared to honor a motion that would seek to allow the present Complaint and those Exhibits to stand, but with a

properly amended Complaint ¶ 3 tendered to supplant the present one. But in that case Acuity

would have to pay a second filing fee, just as though it had filed a new -- and proper -- lawsuit.


_____

Milton I. Shadur

Date:  December 3, 2015                    Senior United States District Judge